## In United States District Court
### For the District of Delaware

UNITED STATES OF AMERICA

v.

ELVIN G. DEMPSEY, Jr,
Defendant

Criminal Complaint

CASE NUMBER: 07-96M-MPT

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about May 8, 2007 in the District of Delaware, Defendant ELVIN G. DEMPSEY, Jr. did knowingly:

1) possess in and affecting interstate and foreign commerce, a firearm, after having been convicted of a felony crime punishable by imprisonment for a term exceeding one year,
in violation of Title ____18____ United States Code, Section(s) _922(g)(1) and 924(a)(2);_ and
2) possess with intent to distribute heroin,
in violation of Title ____21____ United States Code, Section(s) _841(a)(1) and (b)(1)(C)._

I further state that I am a(n) __Special Agent, ATF__ and that this complaint is based on the following facts:

See attached Affidavit

Continued on the attached sheet and made a part hereof:   Yes

FILED
MAY 9 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Patrick Fyock
Special Agent, ATF

Sworn to before me and subscribed in my presence,

May 9, 2007                                   at          Wilmington, DE
Date                                                      City and State

Honorable Mary Pat Thynge
United States Magistrate Judge
Name & Title of Judicial Officer                          Signature of Judicial Officer

AFFIDAVIT OF PATRICK FYOCK

1. Your affiant is Patrick Fyock. Your affiant has been a Special Agent for over five and a half years with the U.S. Bureau of Alcohol, Tobacco, Firearms and Explosives(ATF). During that time, my duties have included the investigation of federal and state firearms offenses. Prior to being hired by ATF, I was employed as a Police Officer for seven years with the Nationally Accredited New Castle County Police Department in Delaware. During the course of your affiant's law enforcement career, your affiant has received law enforcement training on the investigation of firearms offenses on numerous occasions, including but not limited to the ATF Academy, New Castle County Police Academy, Firearms identification classes, Firearms Nomenclature classes, and Firearms identification classes at the Federal Law Enforcement Training Center. During the course of your affiant's law enforcement career, your affiant has participated in over 80 seizures of firearms and well over 120 investigations of firearms offenses, as well as numerous conversations about the facts and circumstances of firearms offenses with the investigating officers of those firearms offenses. Your affiant has also received training on drug investigations and drug trafficking characteristics during my time as a New Castle County Police Officer, including but not limited to a DEA 40 hour drug investigator class. Your affiant has participated in approximately 6 - 8 drug investigations resulting in drug seizures and convictions since joining ATF. You affiant has contact with DEA agents, state and local drug investigators on a regular basis and possesses a working knowledge of the drug trends for this area. Your affiant knows through training and experience that firearms are commonly used in the illegal drug trade.

2. Unless otherwise stated, the information in this affidavit is based upon your affiant's personal knowledge and conversations with Wilmington Police Officers.

3. The seizure of all the below stated evidence occurred on May 8, 2007, in the City of Wilmington, State and District of Delaware, as stated to me by one or more Wilmington Police Officers with personal knowledge of the seizure of the below items.

4. Your affiant learned from Wilmington Police Officers that on May 8, 2007 a search and seizure warrant was executed at a certain location in Wilmington, State and District of Delaware (hereinafter referred to as the "location"). During the search of the location, a Wilmington Police Officer seized, among other things, approximately 1182 bags of heroin from the cut-out in the bathroom ceiling area of the location. The heroin was packaged in small plastic baggies containing a wax baggie that contained an off white substance. The bags were inside of a knit type cap that was closed with the same type rubber bands that were used to package the heroin. A Wilmington Police officer weighed the heroin and packaging and field tested the heroin and the results were positive for heroin and the weight was approximately 35.46 grams.

5. Also, during the above search of the location, a Wilmington Police Officer seized a black in color Taurus model PT22 .22 caliber semi automatic handgun serial number AYG637960 with brown wooden grips. This firearm was inside a knit cap tied with the same type rubber band as the heroin. This firearm was located in a closet in the living room area of the location, directly next to the bathroom.

6. At the time of the execution of the search warrant for the location, the Wilmington Police saw the Defendant Elvin G. Dempsey, Jr. standing in the kitchen area of the location and within approximately 6-8 feet from the above-mentioned seized heroin and firearm. There was another person with an injured leg lying on a bed in the front of the living room area of the location. The Wilmington Police Officers noted that the Defendant was closer to the heroin and the gun than the person on the bed. The person on the bed denied any knowledge of drugs or guns in the location and stated that he was permitted to stay there by Defendant Elvin G. Dempsey, who is the owner of the location.

7. During a interview following the defendant's waiver of his Miranda rights, the defendant essentially told the Wilmington Police, among other things including inconsistent statements as to guilt, that just before the Wilmington Police arrived at the location, he took the large amount of heroin in the black cloth (clarified by an interviewing Wilmington Police Officer as a black knit cap, which Dempsey agreed with) and, in an effort to hide the heroin from the police, he physically threw it through a hole in the ceiling in the bathroom of the location . He knew he was in trouble because of an incident that happened the night before and wanted to conceal the heroin from the police. The defendant further stated he is in control of the location and the location belonged to his father-in-law who passed away years ago. Also, the defendant stated he has keys to all the rooms but one upstairs that is rented by a Hispanic male. The defendant additionally stated that he handled a small black semi automatic handgun inside the residence approximately 1 to 2 months ago and the firearm was brought to the residence by an unknown young male. When this unidentified male showed the defendant the firearm, the defendant removed the clip, removed the bullets from the clip, pulled back the slide and handed all the items back to this unknown young male.

8. A subject was interviewed by Wilmington Police Officers and Special Agent Patrick Fyock and this subject stated he stays in one of the rooms upstairs and the residence belongs to Elvin Dempsey, who does not live there but does stay there and does deal drugs at that location. This subject stated he knows Dempsey is a drug dealer and sells heroin. This subject stated that he has observed Dempsey deal heroin inside the residence in the past but he usually goes out front and acts as a look out for Dempsey and any one else Dempsey has dealing heroin in the location. This subject stated, as recently as 2 days ago he observed Dempsey in possession of a small semi-automatic handgun with a magazine and wooden grips inside the residence. This subject also stated he knows Dempsey to keep the firearm next to the lazy boy chair in what he describes as a cabinet or shelf like thing. This subject stated he has observed Dempsey

keep the firearm in a hat and in a shoebox next to the chair. The subject has prior felony convictions stemming from approximately ten years ago and was a drug user approximately 12 years ago.

9. On May 7, 2007 a victim reported an incident to the Wilmington Police Department that occurred on May 6, 2007 involving a subject named "Akbar", who the Wilmington Police know to be an alias for Elvin Dempsey and another subject named "Smalls" (No Further Description). The victim identified Defendant Elvin Dempsey from a photo lineup. The victim told Wilmington Police Officers that the 2 men forced him into a vehicle at gunpoint and he was driven to an address later identified as the "location" referenced above. At this time, Dempsey was in possession of an all black in color semi automatic handgun. Once inside the location, the victim was placed in a black chair in the living room area. Dempsey handed the all black semi automatic handgun to the other male and pulled out a handgun from behind another chair in the location. The victim described the handgun as a black handgun with brown grips, possibly .22 caliber or .25 caliber that had a break barrel breach action. Dempsey then placed a round in the chamber and cocked the handgun. The victim stated that Dempsey and Smalls robbed the victim of cash and beat the victim. The victim of the robbery has pending felony drug charges and a pending criminal impersonation charge, and prior misdemeanor convictions

10. On May 8, 2007 a State of Delaware Justice of the Peace Court arrest warrant was signed for Elvin Dempsey for charges involving the incident described in paragraph 9.

11. From my training and experience, and prior discussion with an ATF Agent who is expertly trained and experienced in determining the interstate nexus of firearms, your affiant knows that the Taurus Model PT22 .22 caliber semi automatic handgun serial number AYG637960 is a firearm as defined in 18 U.S.C., Chapter 44, Section 921(a)(3) and was manufactured in a state other than Delaware, or in a foreign country such that its possession in Delaware would have necessarily required that the firearm had crossed state or foreign lines prior to its possession in Delaware and such that the possession of that firearm in Delaware affected interstate commerce. It should be noted that the Taurus Model PT 22 .22 caliber semi automatic has a folding barrel and is magazine fed.

12. Your affiant reviewed the computer criminal history information for the defendant from the Delaware Justice Information System (DELJIS) and learned that the defendant has a prior felony conviction for Trafficking in Cocaine – 5 to 50 grams from on or about 09/14/1999 in the Superior Court of the State of Delaware, a crime punishable by imprisonment for a term exceeding one year.

13. From my training and experience I know that the seized heroin was possessed with the intent to distribute based on the a variety of factors including but not limited to, individual packaging method, the amount of heroin, and the subject's statements in paragraph 8 above.

Wherefore, based upon your affiant's training and experience, your affiant believes that there is probable cause to believe that the defendant violated:(1) 18 U.S.C. 922(g) and 924(a)(2), by possessing in and affecting interstate commerce a firearm, after having previously been convicted of a felony crime punishable by imprisonment for a term exceeding one year, (2) 21 U.S.C. 841(a)(1) and (b)(1)(C) , and by Possessing with Intent to Distribute a Controlled Substance, Heroin, and respectfully requests that the Court issue a Criminal Complaint charging those offenses.

_____
Patrick Fyock
Special Agent, ATF

Sworn to and subscribed in my presence
this ___ day of ___May_____ 2007

_____
Honorable Mary Pat Thynge
United States Magistrate Judge
District of Delaware